OPINION
{¶ 1} Defendant-appellant, James Wilson, appeals the decision of the Fayette County Court of Common Pleas sentencing him to a 21-year prison term for three counts of burglary. We reverse the trial court's sentencing decision, vacate appellant's sentence, and remand this matter for resentencing.
 {¶ 2} In May 2000, appellant pled guilty to three counts of burglary in violation of R.C. 2911.12, each a felony of the second degree. After a sentencing hearing in June 2000, the trial court sentenced appellant to seven years on each count. The court ordered that the sentences be served consecutively.
 {¶ 3} Appellant now appeals the trial court's decision, raising one assignment of error:
 {¶ 4} "THE RECORD DOES NOT SUPPORT THE IMPOSITION OF CONSECUTIVE SENTENCES UPON THE OFFENDER PURSUANT TO 2929(E)(4)(c)."
 {¶ 5} R.C. 2929.14(E)(4) requires the sentencing court to make three findings before imposing consecutive sentences. First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the court must find that one of the following factors contained in R.C.2929.14(E)(4)(a)-(c) applies:
 {¶ 6} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to * * * [R.C.] 2929.16, [R.C.]2929.17, or [R.C.] 2929.18 * * *, or was under post-release control for a prior offense.
 {¶ 7} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses * * * was so great or unusual that no single prison term for any of the offenses * * * adequately reflects the seriousness of the offender's conduct.
 {¶ 8} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 9} R.C. 2929.19(B)(2)(c) requires the sentencing court to give its reasons for imposing consecutive sentences. Additionally, the sentencing court must make the required findings and give reasons supporting those findings on the record at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, paragraph one of the syllabus.
 {¶ 10} At the sentencing hearing, the common pleas court stated the following with regard to its decision to impose consecutive sentences:
 {¶ 11} "Well Mr. Wilson you have a lengthy prior criminal record for such a young man. I do find that the forms of the offense in these cases are the worst forms of the offenses. You planned the crimes you ransacked each room in this one residence. Took various items. You damaged the property. I also find because of your past record you have the highest likelihood of recidivism. I will order that you not have contact with the victims in these offenses. I'm going to sentence you to seven years for each offense to be served consecutively. I'm going to order that you pay restitution as well."
 {¶ 12} The record does not show that the common pleas court made the required finding pursuant to R.C. 2929.14(E)(4) that (1) consecutive sentences are necessary to protect the public or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public, or (3) that one of the factors in R.C. 2929.14(E)(4)(a)-(c) applies. Additionally, Comer
requires that the sentencing court make the required statutory findings and give the reasons supporting those findings on the record at the sentencing hearing. Comer, at paragraph one of the syllabus. Accordingly, we must sustain appellant's assignment of error, reverse the decision of the trial court, and remand this case for resentencing.
 {¶ 13} Judgment reversed and cause remanded to the trial court for further proceedings according to law and consistent with this opinion.
Young, P.J., and Valen, J., concur.